IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARWIN DURISSEAU, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | )   Case No. _____ |
| | ) |
| UNION TANK CAR COMPANY, | ) |
| | ) |
| *Defendant*. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Union Tank Car Company ("UTLX") hereby gives notice and removes the above-captioned action, which was pending against it in the District Court of Montgomery County, Texas, to the United States District Court for the Southern District of Texas. In support of this removal, UTLX states as follows:

## I.    PLEADINGS

1.    On or about July 5, 2022, Plaintiff Darwin Durisseau ("Plaintiff") filed his Original Petition ("Complaint"), entitled, *Darwin Durisseau v. Union Tank Car Company,* in the District Court of Montgomery County, Texas, Cause No. 22-07-08577. The District Court of Montgomery County is a state court within this judicial district and division. The complete state-court file, including copies of all process and pleadings, is attached collectively as **Exhibit A**.

2.    The Complaint alleges that Plaintiff sustained personal injury based on a workplace accident which Plaintiff contends gives rise to a claim for relief under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §51 *et. seq.* (*See* Ex. A, Complaint).

3.    Plaintiff contends that removal in favor of federal court jurisdiction is prohibited based on 28 U.S.C. § 1445(a), which provides, "A civil action in any State court against a railroad

or its receivers or trustees, arising under [FELA] may not be removed to any district court of the United States." (*See* Ex. A, Compl. ¶ 4).

    4.     Plaintiff's Complaint was served on UTLX on August 12, 2022. (*See* Ex. A).

## II.    <u>GROUNDS FOR REMOVAL</u>

    5.     This Notice of Removal is timely because it is being filed within 30 days from the August 12, 2022 date on which UTLX was served with the Original Petition. (*See* 28 U.S.C. § 1446(b); Ex. A).

    6.     Removal is proper under 28 U.S.C. §§ 1332 and 1441 because there is complete diversity of citizenship between the Plaintiff and the Defendant, and the amount in controversy exceeds $75,000.

    7.     Plaintiff is an individual who identifies himself as a citizen resident of the State of Texas. (Ex. A, Compl. ¶6).

    8.     UTLX is a Delaware corporation with its principal place of business located in Chicago, Illinois; UTLX is therefore a citizen of Illinois and Delaware for purposes of diversity jurisdiction.

    9.     Plaintiff's Original Petition contends he is seeking damages in excess of $1 million, exclusive of interests and costs. (Ex. A, Compl., ¶ 24).

    10.    Because complete diversity of citizenship exists between Plaintiff and UTLX, and the amount in controversy exceeds $75,000, this Court is vested with subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).

## III. REMOVAL IS NOT BARRED BY 28 U.S.C. §1445(a)

11.     Federal law prohibits the removal of civil actions brought under FELA in a state court "against a railroad or its receivers or trustees".  28 U.S.C. §1445(a).

12.     As established herein, UTLX is not a railroad or one of its receivers or trustees, and it neither operates a railroad nor carries members of the public or cargo on behalf of members of the public.  (*See* Declaration of Kevin Butler (("Butler"))*, ¶*4.)  The entirety of UTLX's business consists of owning, leasing, maintaining and repairing railroad railcars.[1] (Butler, ¶5.)

13.     The United States Supreme Court definitively determined more than half a century ago that companies which merely own, maintain, lease or repair railroad railcars are neither railroads nor "common carriers by railroad" pursuant to FELA; as such, it is a matter of law that UTLX is neither a railroad or a common carrier by railroad. *Edwards v. Pacific Fruit Exp. Co.*, 390 U.S. 538, 539-43, 88 S.Ct. 1239, 1239-42 (1968) (refrigerator car company that owned, leased, maintained, and repaired insulated railroad railcars was not a "common carrier by railroad" despite owning buildings, plants, and track used to repair such railcars).

14.     To the extent the Supreme Court's longstanding determination regarding companies which own, maintain, and repair railcars is not dispositive, UTLX:

    a.  is not, and has never been, subject to the jurisdiction of the Surface Transportation Board of the United States or its predecessor, the Interstate Commerce Commission (collectively the "STB") pursuant to 49 U.S.C. §10501 *et. seq.*;

    b.  does not hold and has never sought a license from the STB to operate as a rail carrier and as such, does not and has never had "rail carrier" status with the STB[2];

---

[1] UTLX's wholly owned subsidiary, UTLX Manufacturing LLC, also manufactures railroad railcars.

[2] *See, Hedderman v. Staten Island Rapid Transit Operating Auth.*, 593 F.Supp. 1141, 1144-45 (E.D.N.Y. 1984) (comparing favorably the jurisdictional "rail carrier" determination of the Interstate Commerce Commission with the FELA "common carrier by railroad" test).

    c.  has never been cited or issued a penalty for operating as a rail carrier without a license under 49 U.S.C. § 11901 *et. seq*.;

    d.  is not subject to the federal law that governs labor relations between railroad carriers and their employees (the Railway Labor Act ("RLA")), and none of the labor unions representing UTLX employees are registered under the RLA for any UTLX location; and

    e.  has never made any filing with or payment to any federal agency required under any regulation promulgated by the STB governing the conduct of rail carriers, including but not limited to, filings required pursuant to the Railroad Retirement Act of 1974, 45 U.S.C. §231 *et. seq.*, the Railroad Unemployment Insurance Act, 45 U.S.C. §351 *et. seq.*, or the RLA, 45 U.S.C. §151 *et. seq.*

(Butler, ¶5.)

15.    The only railroad related certifications held by UTLX are for the repair of railroad railcars. (Butler, ¶6.)

16.    The Fifth Circuit has concluded that a common carrier by railroad includes companies which hold themselves out to the public "as engaged in the business of transportation of persons or property from place to place for compensation, offering [its] services to the public generally." *Huntley v. Bayer MaterialScience, LLC*, 452 Fed. Appx. 453, 460 (5th Cir. 2011), *quoting Lone Star Steel Co.,* 380 F.2d at 643 (5th Cir. 1967).

17.    The United States Supreme Court has held that Congress, in adopting and amending FELA, specifically "declined to extend the coverage of the Act to activities and facilities intimately associated with the business of common carrier by railroad." *Edwards,* 390 U.S. at 541, 88 S.Ct. at 1241, and went on to definitively rule that FELA does not allow claims brought against companies which merely "own, maintain, and lease" rail cars, or "repair" railroad railcars, despite

such businesses having "buildings, plants, switching tracks, and equipment" similar to railroads. *Id*. at 539.

18.     As stated, the entirety of UTLX's business consists of owning, leasing, maintaining and repairing railroad railcars. (Butler, ¶5.)  Moreover, UTLX has never held itself out to the public as being engaged in the business of transportation of persons or property from one place to another in exchange for compensation, does not serve its customers by transporting persons or cargo, and does not engage in any other transportation activity.[3] (*Id.*, ¶7.)

19.     Although UTLX employees, including the Plaintiff during his employment, are responsible for moving railcars inside the plant (known as "switching"), all railcars are empty, the switching is necessary for but done incidental to UTLX's repair services, and movements are done solely within the confines of UTLX's private rail yards (in this case the Cleveland, Texas facility). (Butler, ¶11.) Indeed, UTLX never moves railcars for any purpose related to transportation, (*id*., ¶10 ) much less for the "transportation of persons or property from place to place for compensation, offering [its] services to the public generally." *Lone Star Steel Co.*, 380 F.2d at 643, *quoting Kelly v. General Elec. Co.*, 110 F.Supp. 4, 6 (E.D. Pa.), *aff'd* 204 F.2d 692 (3d Cir.) *cert. den.* 346 U.S. 868 (1953).

20.     Simply put, UTLX is neither a railroad nor a common carrier by railroad.  It does not transport materials or products, and it does not engage in any activity that could ever, under any interpretation of the facts or the law, be deemed: (i) rail services; (ii) part of any rail service

---

[3] The process of repairing railcars at the UTLX Cleveland, Texas facility at issue in this case requires that the servicing railroad (BNSF) transport and deliver empty railcars to an inbound rail track owned by UTLX. (Butler, ¶8.)  UTLX employees then use equipment to move and relocate the railcars to different locations inside the plant based on the individual repair work required.  (*Id.*) For example, a railcar may first be placed on a storage track to await an open slot in one of the repair cells and then be moved to different repair cells for inspection, cleaning, repair, testing, painting, etc. (*Id.,* ¶9.) At the conclusion of the repair work, UTLX Cleveland employees place the empty railcar on UTLX's outbound rail track for the servicing railroad (again, BNSF) to retrieve and transport the railcar to a destination designated by the railcar owner or operator.  (*Id.*) No aspect of the repair work performed by UTLX involves transporting anything anywhere – including the railcar, as the servicing railroad is responsible for the transportation of railcars to and from the UTLX plant. (*Id.,* ¶10.)

contracted for by a member of the public; or (iii) part of any system of interstate rail transportation. *See Lone Star Steel Co.*, 380 F.2d at 647.  Nor does UTLX receive payment for the repair work it does as a fixed charge from a railroad or as a percentage of profits from a railroad (*Id.*)

21.     Plaintiff is aware that UTLX's business involves only the leasing, maintenance, and repair of railroad railcars, not the carriage or movement of passengers or cargo, and that UTLX has never held itself out to the public as engaged in the business of transportation.  Plaintiff was, at all relevant times, fully aware that he was employed by a federally certified railcar repair facility in a private rail yard that performed repair and maintenance work on empty railcars, and that his personal work assignments were at all times exclusively part of repair and maintenance activities.

22.     At the time of the alleged injury, Plaintiff's work as a switchman was governed by the UTLX Plant Railway Switching Safety Rule Book, which opens with the statement that "Plant Railways do not operate by the same standards as Common Carrier Railroads." (Butler, ¶12.)

23.     Additionally, during Plaintiff's employment, he was an active member of the United Steelworkers union ("USW") and was therefore fully aware that the USW at the Cleveland facility is not registered under the RLA (the federal law that governs labor relations between railroad carriers and their employees).  (Butler, ¶13.)

24.     Plaintiff was, therefore, at all times aware that UTLX is not a "railroad" or a "common carrier by railroad."  Despite this knowledge and awareness, Plaintiff chose to initiate litigation against UTLX alleging only a claim under FELA.

25.     It is instructive that the US Supreme Court closed its *Edwards* ruling by stating:

> "[F]or 60 years the Federal Employers' Liability Act has been administered with the understanding that. . . companies [which lease, maintain, and repair insulated railroad railcars] are not included within the terms of the Act. During that time injured employees have been taken care of under state compensation laws. . . . The question of whether employees shall rely on state compensation or on the Federal Employers' Liability Act is a pure question of legislative policy, concerning which apparently even the labor

> organizations most interested have been divided. Under these circumstances
> we do not think this Court should depart from 60 years of history to do what
> is a job for Congress."

390 U.S. at 543, 88 S.Ct. at 1242.  More than 110 years have now elapsed during which Congress

has done nothing to amend FELA to cover companies like UTLX.  The law on this issue is more

than settled.

26.    It is also worth noting that Plaintiff does not <u>allege</u> that UTLX is covered by FELA,

or even acknowledge the limited coverage of the statute.  Instead, Plaintiff simply relies on the

conclusory statement that FELA applies when, as a matter of law, it does not.  By disregarding the

clear fact that UTLX is not a "common carrier by railroad" and bringing this action under FELA,

Plaintiff has pleaded FELA coverage over UTLX fraudulently in an effort to foreclose removal.

Such efforts empower this Court to "pierce the pleadings" and deny remand to state court to protect

a party's right to have a case involving diverse parties heard in a federal forum.  *See Burchett v.*

*Cargill, Inc.*, 48 F.3d 173, 175-76 (5th Cir. 1995).

27.    Because Plaintiff's assertion of FELA coverage is baseless and false, Plaintiff is

not entitled to use 28 U.S.C. §1445(a) to thwart UTLX's clear right to remove this case under 28

U.S.C. §§ 1332(a), 1441, and 1446.

## IV.    <u>PROCEDURAL REQUIREMENTS ARE SATISFIED</u>

28.    This action is removable pursuant to 28 U.S.C. § 1441(a) because this Court has

diversity jurisdiction under 28 U.S.C. § 1332(a).  Further, removal to this judicial district and

division is proper under 28 U.S.C. § 1441(a), because it is part of the district and division within

which this action is pending.

29.    Pursuant to 28 U.S.C. § 1446(d), UTLX is contemporaneously filing a written

notice of this removal with the District Court of Montgomery County, Texas.  A Notice of Removal

and Notice of Filing of Removal are being served upon Plaintiff through his attorney of record.

Additionally, per § 1446(a), copies of all process, pleadings, and orders served upon UTLX are attached as Exhibit A.

30.     Pursuant to Local Rule 81 of the Southern District of Texas, the following documents are attached to this Notice of Removal:

Exhibit A – All pleadings, executed process, and orders signed by the state judge;

Exhibit B – An index of matters being filed; and

Exhibit C – A list of all counsel of record, including addresses, telephone numbers, and parties represented.

31.     UTLX submits this Notice of Removal without waiving any defenses to the claim asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted. UTLX specifically reserves the right to assert, if applicable, any and all defenses enumerated in Rule 12 of the Federal Rules of Civil Procedure or any other affirmative defenses, including those enumerated in Rule 8(c) of the Federal Rules of Civil Procedure, upon the filing of its responsive pleading within the time allotted under the Federal Rules of Civil Procedure.

32.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

33.     If any question arises regarding the propriety of the removal of this action, UTLX respectfully requests the opportunity to present a memorandum and oral argument in support of its position this case is removable.

WHEREFORE, Defendant respectfully removes this action from the District Court of Montgomery County, Texas to the United States District Court for the Southern District of Texas, Houston Division, and respectfully requests that the Court exercise jurisdiction over this action, pursuant to 28 U.S.C §§ 1332, 1441, and 1446.

Respectfully submitted,

GERMER PLLC

By:  */s/ Toby F. Nash*

     Toby F. Nash
     Attorney-in-Charge
     State Bar No. 24004205
     S.D. Tex. Bar No. 1503220
     Christy Amuny
     State Bar No. 01164250
     S.D. Tex. Bar No. 2387134
     Germer PLLC
     550 Fannin Street, Suite 400
     Beaumont, TX 77701
     409.654.6750
     tobyn@germer.com
     camuny@germer.com

**OF COUNSEL:**

     Joshua B. Fleming
     Randall R. Frykberg
     QUARLES & BRADY LLP (Firm ID 36566)
     135 North Pennsylvania Street, Suite 2400
     Indianapolis, IN  46227
     317-957-5000
     Josh.Fleming@Quarles.com
     Randall.Frykberg@Quarles.com