Received and E-Filed for Record
7/5/2022 2:03 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Morrill

CAUSE NO. 22-07-08577

| | | |
|---|---|---|
| Darwin Durisseau, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | Montgomery County - 284th Judicial District Court |
| | § | |
| v. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| Union Tank Car Company; | § | |
| | § | |
| *Defendant*. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff Darwin Durisseau, complaining of Defendants Union Tank Car Company ("Defendants"); and for cause of action would respectfully show the Court the following:

**I.**

**DISCOVERY LEVEL**

1. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

**II.**

**JURISDICTION AND VENUE**

2. This action is being brought against Defendants pursuant to the provisions of the Federal Employers' Liability Act ("FELA"), Title 45 U.S. Code, Section 51 et seq.

3. Jurisdiction is proper pursuant to FELA, Title 45 U.S. Code, Section 15.018 because a substantial part of the events giving rise to the claim occurred in Cleveland, Texas.

4. It is well-settled that FELA cases are not removable to federal court. *See* 28 U.S.C. § 1445(a) ("A civil action in any State court against a railroad […] arising under [the



EXHIBIT A

FELA] may not be removed to any district court of the United States.").

5.  Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in Montgomery County. CIV. PRAC. & REM. CODE § 15.002

### III.

### PARTIES

6.  Plaintiff **Darwin Durisseau** is a citizen resident of the State of Texas.

7.  Defendants **Union Tank Car Company** are a Delaware corporation with its principal place of business and headquarters in Cook County, Illinois.  Defendants conduct a substantial amount of business in Texas, and is amenable to process in Texas.  Defendants Union Tank Car Company may be served with process through its registered agent, **United States Corporation Co., at 211 E. 7th Street Suite 620, Austin, Texas 78701-3218.**

### IV.

### FACTS

8.  On or about November 20, 2020, while working within the course and scope of his duties in furtherance of interstate commerce as a switchman for Defendants at Union Tank's trainyard in Cleveland, Texas, Plaintiff was severely injured when a train grading flipped and threw him several feet in the air.

9.  The incident was a direct result of the Defendants' negligence.

10.  As a result of this incident, Plaintiff sustained severe injuries to his head, neck, shoulder, ankle, wrists, back, and other parts of his body.  The injuries and damages suffered by the Plaintiff were sustained while engaged in the course of his duties and in furtherance of interstate commerce and directly or closely and substantially affecting such commerce.

EXHIBIT A

11. Defendants caused Plaintiff's injuries by violating FELA and related laws enacted for the safety of railroad workers. Because of this statutory negligence and violation of the law related to FELA, Defendants are legally obligated to compensate Plaintiff for his injuries.

12. Defendants are liable to Plaintiff for failing to provide Plaintiff a safe place to work, in violation of the Federal Employer's Liability Act.

13. Plaintiff's injuries resulted in whole or in part from the negligence and gross negligence of the Defendants.

V.

CAUSES OF ACTION

A. **Negligence under FELA against Defendant Union Tank Car Company.**

14. Plaintiff repeats and re-alleges each allegation contained above.

15. Union Tank Car Company owed a non-delegable duty to Plaintiff to provide him with a reasonably safe place in which to work and appropriate protection and devices to keep him safe when working in hazardous conditions. Union Tank Car Company also owed a duty to Plaintiff to adequately warn him concerning the hazards conditions on the worksite which led to his injuries on or about November 20, 2020 so that Plaintiff could appropriately protect himself from those hazardous condition, of which Plaintiff was ignorant and Union Tank Car Company should have known.

16. Defendants violated the aforesaid duties and were negligent, and grossly negligent for the following reasons:

    a. Failing to provide Plaintiff with a safe place to work;

EXHIBIT A

    b.    Failing to properly inspect, maintain and repair its premises;

    c.    Failing to properly inspect, maintain, and repair its equipment;

    d.    Failing to warn about unreasonably dangerous conditions at work;

    e.    Failing to make unreasonably dangerous conditions at the worksite safe;

    f.    Failing to follow safe management practices with the goal of providing Plaintiff a safe work environment;

    g.    Failing to provide adequate equipment;

    h.    Failing to adequately protect Plaintiff from dangerous conditions;

    i.    Failing to test or properly evaluate the conditions, premises and equipment with which he was required to work;

    j.    Failing to adopt and enforce proper rules, regulations, and procedures concerning work maintenance, inspection and repair of the premises, equipment and conditions;

    k.    Deviating from standard practices and procedures;

    l.    violating applicable Federal Railroad Administration, Occupational Safety and Health Administration standards;

    m.    vicariously liable for its employees' and/or agents' negligence; and

    n.    other acts deemed negligent and grossly negligent.

17. All of Plaintiff's claims as set for in this Complaint, pursuant to 45 U.S.C. Section 51, *et seq.*, are brought within three years from the day these causes of action accrued—pursuant to 45 U.S.C. Section 56.

**EXHIBIT A**

18. Plaintiff is also entitled to punitive damages because the aforementioned actions of the Defendants were grossly negligent. Defendants' actions and inactions were done with a reckless disregard and conscious indifference to the rights of Plaintiff. As such, Plaintiff is entitled to exemplary damages. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injuries, but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved and extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

19. Plaintiff's injuries are severely painful, disfiguring, and debilitating. They harm the quality of his life and have required both past and future medical treatment. These injuries are permanent. They have impaired Plaintiff's ability to work and he has lost income because of them. Plaintiff has suffered, and will continue to suffer, other damages as a result of the injuries described above. In this lawsuit, he claims compensation for all injuries and damages recoverable under FELA, whether or not specifically alleged.

20. As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious injuries, including bodily injury resulting in pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, pharmaceutical and medical expenses, loss of earnings, and loss of future earning capacity. The losses are permanent and continuing in nature. Plaintiff will continue to suffer these losses in the future.

EXHIBIT A

21. As a result of said occurrence, Plaintiff suffered severe injury to his body and mind. His earning capacity has been severely diminished if not eliminated altogether. Further, he has incurred substantial medical and pharmaceutical costs.

22. Further, Plaintiff sustained severe injuries to his body and mind, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, cognitive injury, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment, cognitive injury and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

## VI.

### JURY TRIAL DEMANDED

23. Plaintiff hereby demands a trial by jury.

## VII.

### PRAYER

24. Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other relief to which Plaintiff shows himself justly entitled. As required by

**EXHIBIT A**

Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively states that he seeks damages in excess of $1,000,000 and prays for relief and judgment, as follows:

- damages recoverable under FELA,
- Compensatory damages against Defendants;
- Past and future medical expenses;
- Actual damages;
- Consequential damages;
- Past lost wages;
- Past and future disfigurement;
- Loss of earning capacity in the future;
- Pain and suffering;
- Exemplary damages;
- Past and future mental anguish;
- Past and future impairment;
- Interest on damages (pre- and post-judgment) in accordance with law;
- Plaintiff's reasonable attorneys' fees;
- Costs of court;
- Expert witness fees;
- Costs of copies of depositions; and
- Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**ARNOLD & ITKIN LLP**

*/s/ Trent Shelton*
Jason A. Itkin
Texas State Bar No. 24032461
Noah M. Wexler
Texas State Bar No. 24060816
Ben Bireley
Texas State Bar No. 24076086
Trent Shelton
Texas State Bar No. 24121119


EXHIBIT A

>6009 Memorial Drive
>Houston, Texas 77007
>Telephone: (713) 222-3800
>Facsimile: (713) 222-3850
>jitkin@ArnoldItkin.com
>nwexler@ArnoldItkin.com
>bbireley@ArnoldItkin.com
>tshelton@ArnoldItkin.com
>e-service@ArnoldItkin.com
>
>***ATTORNEYS FOR PLAINTIFF***

EXHIBIT A

Rec'd and E-Filed for Record
7/5/2022 2:03 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Morrill

# Montgomery County District Clerk
## Request for Issuance or Service

**CASE NUMBER:** 22-07-08577  **CURRENT COURT:** Montgomery County - 284th Judicial District Court

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE(S) of document(s) to be served:** 7/5/22  **Month/Day/Year**

**SERVICE TO BE ISSUED ON (Please List Exactly as The Name Appears in The Pleading to Be Served):**

**Issue Service to:** Union Tank Car Company
**Address of Service:** 211 E. 7th Street, Suite 620
**City, State & Zip:** Austin, Texas 78701
**Agent (if applicable):** United States Corporation Co.

☐ Check here to have citation addressed to wherever the addressee may be found.

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the appropriate box)

| | | | |
|---|---|---|---|
| ☐ | Citation (Personal Service) | ☐ | Secretary of St./Hwy Commission/Commissioner of Ins. ($12.00) |
| ☐ | Citation by Posting | ☐ | Capias –Law enforcement ID Sheet Required |
| ☐ | Citation by Publication | ☐ | Temporary Restraining Order (Family) |
| ☐ | Citation – Scire Facias | ☐ | Temporary Ex Parte Protective Order/Notc of Application for Prot. Order |
| ☐ | Subpoena | ☐ | Writ of Habeas Corpus/Attachment - Child |
| ☐ | Precept/Show Cause | ☐ | Notice of Foreign Judgment (UCCJEA) (by Cert. Mail Service) |
| ☐ | Writ of Garnishment | ☐ | Notice of Foreign Judgment (UIFSA) (by Regular Mail) |
| ☐ | Writ of Sequestration | ☐ | Precept to Serve Final Protective Order |
| ☐ | Civil Injunction/TRO | ☐ | Other – Please specify: _____ |
| ☐ | Writ of Withholding/Notice of Termination of Child Support ($15.00 – Certified Mail by District Clerk Only) | | |

☐ **ISSUANCE TO BE RETURNED TO REQUESTOR BY:** (Check the appropriate box.)

☐ **E-Issuance by District Clerk** (No Service Copy Fees Charged) (Note:) **CAPIAS is not an E-Issuance Option**
*Citations returned electronically will be e-served through E-file Texas to requesting attorney/pro se.*
☐ **ATTORNEY PICK-UP** (phone or email contact): _____
☐ **MAIL** to attorney at Attorney of Record's address on file in case record.
☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ **Phone:** _____
☐ **OTHER,** *explain:*
_____

☐ **SERVICE TO BE EXECUTED BY DISTRICT CLERK**

☐ **CERTIFIED MAIL** ☐ **REGULAR MAIL** *available for Expedited Foreclosures and UIFSA Foreign Judgments*
☐ **PUBLICATION IN NEWSPAPER OR OTHER-** *please provide detailed contact information*
☐ **PUBLICATION ON OCA WEBSITE ONLY-** *all citations by publication are published on OCA website*
_____
_____

**Issuance of Service requested by:**
**Attorney/Party Name:** Jason Itkin  **Bar# or ID:** 24032461
**Mailing Address:** 6009 Memorial Drive Houston, Texas 77007
**Phone Number:** 713-222-3800

*Revised 4/8/2022*

**EXHIBIT A**

# CITATION

Cause Number: 22-07-08577

| | |
|---|---|
| **Clerk of the Court** | **Attorney Requesting Service** |
| Melisa Miller | Jason A. Itkin |
| P.O. Box 2985 | 6009 Memorial Dr |
| Conroe, Texas 77305 | Houston TX  77007 |

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. <u>If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.</u> In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

To:     Union Tank Car Company
         Registered Agent United States Corporation Co
         211 E 7th Street
         Suite 620
         Austin TX  78701

The attached Plaintiff's Original Petition was filed on the  5th day of July, 2022, in 284th Judicial District Court, located at the Montgomery County Courthouse in Conroe, Texas, numbered 22-07-08577, and includes the following parties: Darwin Durisseau, plaintiff(s), and Union Tank Car Company, defendant(s).

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 7th day of July, 2022.



Melisa Miller, District Clerk
Montgomery County, Texas

By: *Delcy Parker*
Delcy Parker, Deputy    7/7/2022 9:01:49 AM

# EXHIBIT A

# OFFICER'S RETURN

Cause No. 22-07-08577                                         Court No: 284th Judicial District Court
Style: Darwin Durisseau vs. Union Tank Car Company
To:              Union Tank Car Company
Address:         Registered Agent United States Corporation Co
                 211 E 7th Street
                 Suite 620
                 Austin TX  78701

Came to hand the ___day of _____, 20__, at _____ o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the  Plaintiff's Original Petition at the following times and places, to wit:

Name                  Date/Time              Place, Course and distance from Courthouse
_____        _____           _____

**Manner of service:** _____

*And not executed as to the defendants(s)  _____
The      diligence      used      in      finding      said      defendant(s)      being:
_____
And      the      cause      of      failure      to      execute      this      process      is:
_____
And information received as to the whereabouts of said defendant(s) being:
_____

**FEES:**
Serving Petition and Copy      $_____
                                                                   _____OFFICER
**TOTAL**                      $_____
                                                                   _____County, Texas
                                                       By: _____, Deputy

**AFFIANT**
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury.

| | |
|---|---|
| A return signed under penalty of perjury must contain the statement below in substantially the following form:<br>My full name is _____<br>My   date   of   birth   is   ___/___/____,   and   my   address   is _____.<br>**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT**<br>Executed in_____, County, State of _____, on the _____day of _____, 20____.<br><br>_____<br>**Declarant/Authorized Process Server**<br>_____<br>**ID# & Exp. Of Certification** | _____<br>**Declarant/Authorized Process Server**<br>_____<br>**ID# & Exp. Of Certification**<br><br>**SWORN AND SUBSCRIBED ON**<br><br>_____<br>**DATE**<br><br>_____<br>**NOTARY** |

**EXHIBIT A**

Received and E-Filed for Record
8/12/2022 12:02 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Kori Rauen

## CAUSE NO. 22-07-08577

| | | |
|---|---|---|
| DARWIN DURISSEAU<br>**PLAINTIFF** | §<br>§<br>§ | |
| VS. | §<br>§ | IN THE 284TH JUDICIAL DISTRICT COURT |
| UNION TANK CAR COMPANY<br>**DEFENDANT** | §<br>§<br>§<br>§<br>§<br>§ | MONTGOMERY COUNTY, TX |

### RETURN OF SERVICE

**ON Friday, August 12, 2022 AT 8:57 AM**
CITATION, PLAINTIFF'S ORIGINAL PETITION for service on Union Tank Car Company c/o Registered Agent United States Corporation Co came to hand.

**ON Friday, August 12, 2022 AT 10:35 AM, I, Adriana Nicole Adam, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** Union Tank Car Company c/o Registered Agent United States Corporation Co, by delivering to Kaneisha Gross, 211 East 7th Street ste 620, AUSTIN, TRAVIS COUNTY, TX 78701.

My name is Adriana Nicole Adam. My address is 1201 Louisiana, Suite 370, Houston, TX 77002. I am a private process server certified by the Texas Judicial Branch Certification Commission (PSC 17714, expires 10/31/2023). My e-mail address is info@easy-serve.com. My date of birth is 3/30/1992. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in TRAVIS COUNTY, TX on Friday, August 12, 2022.

/S/ Adriana Nicole Adam

363793.

Doc ID: 299326_1



**EXHIBIT A**

# CITATION

Cause Number: 22-07-08577

| | |
|---|---|
| **Clerk of the Court** | **Attorney Requesting Service** |
| Melisa Miller | Jason A. Itkin |
| P.O. Box 2985 | 6009 Memorial Dr |
| Conroe, Texas 77305 | Houston TX  77007 |

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. <u>If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.</u> In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

To:     Union Tank Car Company
        Registered Agent United States Corporation Co
        211 E 7th Street
        Suite 620
        Austin TX  78701

The attached Plaintiff's Original Petition was filed on the  5th day of July, 2022, in 284th Judicial District Court, located at the Montgomery County Courthouse in Conroe, Texas, numbered 22-07-08577, and includes the following parties: Darwin Durisseau, plaintiff(s), and Union Tank Car Company, defendant(s).

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 7th day of July, 2022.



Melisa Miller, District Clerk
Montgomery County, Texas

By: *Delcy Parker*
Delcy Parker, Deputy

7/7/2022 9:01:49 AM

**EXHIBIT A**

RECEIVED AND FILED
FOR RECORD
09/01/2022 10:18 AM
Melisa Miller, District Clerk
Montgomery County, Texas

CAUSE NO. 22-07-08577

| | | |
|---|---|---|
| **DARWIN DURISSEAU** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| vs. | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **UNION TANK CAR COMPANY** | § | **284TH JUDICIAL DISTRICT** |

**SHOW CAUSE ORDER**
**(COURT'S MOTION TO DISMISS FOR WANT OF PROSECUTION)**

The Court takes judicial notice that this case was filed on July 05, 2022. All parties seeking affirmative relief are ordered to appear before this Court on **09/16/2022** at **1:30 PM** to show cause why this case should not be dismissed for want of prosecution.

Failure to appear and show good cause why this case should not be dismissed for want of prosecution will result in dismissal by the Court and removal from the docket of this Court.

Signed September 01, 2022

_____
Kristin Bays, Presiding Judge

Sent to: jitkin@arnolditkin.com; tshelton@ArnoldItkin.com



**EXHIBIT A**

Case 1:22-cv-00432-MAC   Document 1-1   Filed 09/02/22   Page 15 of 15 PageID #: 24

RECEIVED AND FILED
FOR RECORD
09/01/2022 10:19 AM
Melisa Miller, District Clerk
Montgomery County, Texas

**Park, Amber**

| | |
|---|---|
| From: | Park, Amber |
| Sent: | Thursday, September 1, 2022 10:19 AM |
| To: | jitkin@arnolditkin.com; tshelton@ArnoldItkin.com |
| Subject: | 22-07-08577; Durisseau v. Union Tank Car Company |
| Attachments: | Show Cause Order.pdf |

Counsel,

Please see the attached Show Cause Order.

Thank you,

*Amber D. Park*

*Court Administrator*
**284th Judicial District Court**
**Judge Kristin Bays, Presiding**
301 N. Main, Suite 201
Conroe, Texas 77301
Direct: (936) 539-7861
Fax: (936) 538-3572

**Electronic filing is now mandatory for attorneys filing documents in civil cases, including family and probate cases, in the district and statutory county courts in Montgomery County under the Supreme Court's Order Requiring Electronic Filing in Certain Courts (Misc. Docket No. 13-9164). For further information, please see Tex. R. Civ. P. 21(f) and visit www.efileTexas.gov. Every pleading, whether signed by a party or the party's attorney, and whether filed electronically or not, must contain the signer's email address. See Tex. R. Civ. P. 21(f)(2) and 57. Please remember that if you correspond with any member of the Court's staff concerning a case pending before the Court, you must send copies of your correspondence to all other parties or to their attorneys of record.**

**This transmission is intended for the sole use of the individual and/or entity to whom it is addressed, and may contain information and/or attachments that are privileged, confidential and exempt from disclosure under applicable law. If the reader of this transmission is not the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, duplication or the taking of any action in reliance on the contents of this transmission by someone other than the intended addressee or its designated agent is strictly prohibited. If your receipt of this transmission is in error, please notify the sender by replying immediately to this transmission and destroy the transmission. Thank you.**

